**Nos. 25-10184 (Consolidated with 25-10186)**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————————————

DISABILITY RIGHTS FLORIDA, ET AL.,
*Plaintiffs-Appellees*,

v.

FLORIDA SECRETARY OF STATE, ET AL.,
*Defendants-Appellants*.

———————————————

FLORIDA RISING TOGETHER, ET AL.,
*Plaintiffs-Appellees*,
v.
FLORIDA SECRETARY OF STATE, ET AL.,
*Defendants-Appellants*.

———————————————

On Appeal from the United States District Court
for the Northern District of Florida
No. 4:21-cv-187 (Walker, C.J.)

———————————————

***DISABILITY RIGHTS FLORIDA* AND *FLORIDA RISING TOGETHER*
PLAINTIFFS-APPELLEES' RESPONSE TO SUPPLEMENTAL
JURISDICTIONAL QUESTIONS**

———————————————

| | |
|---|---|
| Amia Trigg | Judith B. Dianis |
| NAACP LEGAL DEFENSE & | John Powers |
| EDUCATIONAL FUND, INC. | Advancement Project |
| 700 14th Street NW, Ste. 600 | 1220 L Street, NW, Suite 850 |
| Washington, DC 20005 | Washington, DC 20005 |
| Telephone: 202-682-1300 | Telephone: 202-728-9557 |
| atrigg@naacpldf.org | jbrowne@advancementproject.org |
| | jpowers@advancementproject.org |

July 31, 2025

(additional counsel listed on next page)

Morenike Fajana
NAACP LEGAL DEFENSE &
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: 212-965-2200
mfajana@naacpldf.org

Ellen Y. Choi
COVINGTON & BURLING LLP
415 Mission Street
San Francisco, CA 94105
Telephone: 415-591-6000
echoi@cov.com

*Counsel for Disability Rights Florida Plaintiffs-Appellees*

Miranda Galino
LatinoJustice, PRLDEF
523 W. Colonial Dr.
Orlando, FL 32804
Telephone: 321-418-6354
mgalindo@latinojustice.org

John A. Freedman
Elisabeth S. Theodore
Jeremy C. Karpatkin
Jillian M. Williams
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202-942-5000
John.Freedman@arnoldporter.com
Elisabeth.Theodore@arnoldporter.com
Sam.Ferenc@arnoldporter.com
Jillian.Williams@arnoldporter.com

Jeffrey A. Miller
ARNOLD & PORTER
KAYE SCHOLER LLP
3000 El Camino Road
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: 650-319-4500
Jeffrey.Miller@arnoldporter.com

*Counsel for Florida Rising Together Plaintiffs-Appellees*

No. 25-10184, *Disability Rights Florida, et al v. Fla. Sec'y of State*

# CERTIFICATE OF INTERESTED PARTIES

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(3), Plaintiffs-Appellees Disability Rights Florida, the Florida State Conference of Branches and Youth Units of the NAACP, and Common Cause ("*Disability Rights Florida* Appellees"), and Florida Rising Together, Equal Ground Education Fund, Hispanic Federation, Poder Latinx, and UnidosUS ("*Florida Rising Together* Plaintiffs"), through undersigned counsel, hereby submit this Certificate of Interested Persons and Corporate Disclosure Statement.

Appellees state that they have no parent corporations, nor have they issued shares or debt securities to the public. The organizations are not subsidiaries or affiliates of any publicly owned corporation, and no publicly held corporation holds ten percent of their stock.

I hereby certify that the disclosure of interested parties submitted by Appellees is complete and correct.

Dated: July 31, 2025

Respectfully submitted,

By: */s/ Amia L. Trigg*
Amia L. Trigg*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
Telephone: 202-682-1300
atrigg@naacpldf.org

*Counsel for Disability Rights Florida Appellees*

*Admitted Pro Hac Vice

i

Plaintiffs-Appellees Disability Rights Florida, the Florida State Conference of Branches and Youth Units of the NAACP, and Common Cause ("*Disability Rights Florida* Plaintiffs-Appellees"), and Florida Rising Together, Equal Ground Education Fund, Hispanic Federation, Poder Latinx, and UnidosUS ("*Florida Rising Together* Plaintiffs-Appellees") submit this statement in response to this Court's Supplemental Jurisdictional Question. ECF No. 34-2.

## I. Three Cost-Related Motions Were Outstanding at the Time These Appeals Were Filed. All Three Have Been Resolved.

There were a total of twelve fees and costs-related motions filed by the parties in the two underlying cases, six in each case.[1] Three of those motions were undecided at the time that the appeals underlying this consolidated appeal were filed.

---

[1] In the *Disability Rights Florida* case, No. 4:21-CV-187, the six motions were: 1) Plaintiffs-Appellees' Motion for Entitlement to Attorney's Fees (initially filed on April 14, 2022 (ECF No. 360)), terminated on April 15, 2022 (ECF No. 362); 2) Plaintiffs-Appellees' Motion for a Bill of Costs (filed April 14, 2022 (ECF No. 361)), held in abeyance on April 22, 2022 (ECF No. 364), not renewed after merits appeal, resolved by district court on April 10, 2025 (ECF No. 442); 3) Plaintiffs-Appellees' Motion for Entitlement to Attorney's Fees (re-filed February 22, 2024 (ECF No. 401), granted on May 23, 2024 (ECF No. 410)); 3) Plaintiffs-Appellees' Motion for Determination of the Amount of Reasonable Attorney Fees (filed August 2, 2024 (ECF No. 415)), granted in part and denied in part on December 20, 2024 (ECF No. 426)); 5) Defendant-Appellant's Motion for a Bill of Costs (filed February 22, 2024 (ECF No. 403), denied on April 10, 2025 (ECF No. 439)); and 6) Intervenor-Defendants' Motion for a Bill of Costs (filed February 22, 2024 (ECF No. 402), corrected on March 7, 2024 (ECF No. 406), denied on April 10, 2025 (ECF No. 439)).

In the *Florida Rising* case, No. 4:21-CV-201, the six motions were: 1) Plaintiffs-Appellees' Motion to Determine Entitlement to Attorney's Fees (initially filed April 14, 2022 (ECF No. 317), terminated on April 15, 2022 (ECF No. 320)); 2) Plaintiffs-Appellees' Motion for a Bill of Costs (filed April 14, 2022 (ECF No. 318), held in abeyance on April 22, 2022 (ECF No. 322), granted in part and rejected in part on December 20, 2024 (ECF No. 388)); 3) Plaintiffs-Appellees' Renewed and Supplemental Motion to Determine Entitlement to Attorneys' Fees (filed February 22, 2024 (ECF No. 358), granted on May 23, 2024 (ECF No. 371)); 4) Plaintiffs-Appellees' Motion to Determine the Amount of Attorneys' Fees and Expenses (filed August 5, 2024 (ECF (continued…)

Defendant-Appellant filed Notices of Appeal on January 17, 2025, in both the *Disability Rights* and *Florida Rising Together* cases. No. 25-10184, ECF No. 1; 25-10186, ECF No. 1. At the time of the filings, the district court had not yet decided: 1) the Defendant-Appellant's Bill of Costs; 2) the Intervenor-Defendants' Bill of Costs; and 3) the Plaintiff-Appellee *Disability Rights Florida*'s original Motion for a Bill of Costs. However, each of these outstanding issues were subsequently resolved in the underlying cases. The district court initially resolved Defendant-Appellant's and Intervenor-Defendants' Bills of Costs in its February 24, 2025 Order in the lead case (4:21-CV-186, ECF No. 806), and subsequently in its April 10, 2025 Order (4:21-CV-187, ECF No. 439).

### a. Defendant-Appellant's and Intervenor Defendants' Bills of Costs Were Not Decided at the Time These Appeals Were Filed; Both Are Now Resolved.

Defendant-Appellant's and Intervenor-Defendants' Motions for Bills of Costs were both denied by the district court on February 24, 2025, in an Order filed on the docket of related case No. 4:21-CV-186 (which was consolidated for trial with Nos. 4:21-CV-187 and 4:21-CV-201). No. 4:21-CV-186, ECF No. 806. The district court filed the same Order denying both the Defendant-Appellant's and Intervenor-

---

No. 376), granted in part and denied in part on December 20, 2024 (ECF No. 388)); 5) Defendant-Appellant's Motion for a Bill of Costs (filed February 22, 2024 (ECF No. 360)); and 6) Intervenor-Defendants' Motion for a Bill of Costs (filed February 22, 2024 (ECF No. 359), corrected on March 7, 2024 (ECF No. 363)).

Defendants' Motions for Bills of Costs on the No. 4:21-CV-187 docket on April 10, 2025 (ECF No. 439), and the *Florida Rising Together* Plaintiffs-Appellees proactively moved for the district court to enter a similar order in the No. 4:21-CV-201 docket on July 31, 2025. (ECF No. 401). Because Defendant-Appellant's and Intervenor Defendant's Motions for Bills of Costs have been fully resolved in the lead case, and there is no doubt as to its effect on the consolidated cases, this Court has jurisdiction over both actions underlying this consolidated appeal. *See, e.g., Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010), (in determining jurisdiction, court "take[s] a functional approach," and "look[s] . . . to the actual effect" of the district court order).

### b. Plaintiff-Appellees Disability Rights Florida's Original Motion for a Bill of Costs Was Outstanding at the Time These Appeals Were Filed But Is Now Resolved.

Plaintiffs-Appellees Disability Rights Florida initially filed a Motion to Determine Entitlement to Attorney's Fees, Expert Fees, and Litigation Expenses on April 14, 2022, following a bench trial and final order in the underlying case, 4:21-CV-187, ECF No. 360. Plaintiffs-Appellees Disability Rights Florida also filed a Bill of Costs that same day. No. 4:21-CV-187, ECF No. 361. On April 15, 2022, the district court directed the Clerk to terminate Plaintiffs-Appellees' Motion for Entitlement to Attorney's Fees and indicated that the motion could be "re-gavel[led] . . . once the appeal is final." No. 4:21-CV-187, ECF No. 362. Defendants-

Appellants moved the district court to hold proceedings related to Bills of Costs in abeyance until after the appeal was decided. No. 4:21-CV-187, ECF No. 363. The district court granted that motion on April 22, 2022. No. 4:21-CV-187, ECF No. 364. This Court issued its Order on the merits of the underlying case, in a consolidated appeal, on April 27, 2023. *League of Women Voters of Fla., Inc. v. Fl. Sec'y of State*, No. 22-11143, (11th Cir., Apr. 27, 2023), ECF No. 193-1. Plaintiffs-Appellees Disability Rights Florida then filed another Motion for Attorney's Fees, Expert Fees, and Litigation Expenses on February 22, 2024. No. 4:21-CV-187, ECF No. 401. Plaintiffs-Appellees Disability Rights Florida did not file an additional Motion for a Bill of Costs. Because the original Motion for a Bill of Costs was held in abeyance and the motion was not renewed, that issue was outstanding at the time of the filing of the instant appeal.[2]

On April 10, 2025, Plaintiff-Appellee's Disability Rights Florida clarified for the district court that it was not renewing its Motion for a Bill of Costs. No. 4:21-

---

[2] The *Florida Rising Together* Plaintiffs-Appellees also did not file a renewed Motion for a Bill of Costs; however, unlike the *Disability Rights Florida* Plaintiffs-Appellees, the *Florida Rising Together* Plaintiffs-Appellees requested costs in their renewed Motion to Determine the Amount of Attorneys' Fees and Expenses. No. 4:21-CV-201, ECF No. 376. On December 20, 2024, the district court issued an Order Granting in Part and Denying in Part the Motion to Determine Fee Amount, in which the court granted in part and rejected in part the costs outlined in the *Florida Rising Together* Plaintiffs' Bill of Costs. No. 4:21-CV-201, ECF No. 388. The Clerk then entered a judgment against Defendants for a total judgment amount of $202,347.75, inclusive of the partial award of expenses in the *Florida Rising Together* Plaintiffs-Appellees' Bill of Costs. No. 4:21-CV-201, ECF No. 389. Therefore, the *Florida Rising Together* Plaintiffs-Appellees' Bill of Costs was resolved prior to the filing of the Notice of Appeal in that case.

4

CV-187, ECF No. 441. On the same day, the district court resolved that motion by awarding no costs in the 4:21-CV-187 action. No. 4:21-CV-187, ECF No. 442.

## II. This Court Has Jurisdiction Over This Consolidated Appeal

Although the Notices of Appeal in these consolidated appeals were filed "after judgment was rendered but before the attorney's fees issue was decided," this Court has held that "subsequent order[s] deciding the attorney's fees issue" can "cure[] the premature notice." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1296–97 (11th Cir. 1988) (citation omitted). Moreover, this Court's precedents make clear that while consolidated cases "retain[] [their] independent character," *Hall v. Hall*, 584 U.S. 59, 66, 77 (2018), courts must be pragmatic and "look[]. . . to the actual effect" when assessing finality for jurisdictional purposes, *Thomas*, 594 F.3d at 829 (citation omitted). Because all three of the costs-related Motions that were outstanding in the underlying cases at the time of this appeal have been resolved, the untimely Notices of Appeal have been cured, and this court has jurisdiction over both cases and this consolidated appeal. *Norman*, 836 F.2d at 1296–97; *see also Iberiabank v. Beneva 41-I, LLC*, 701 F.3d 916, 919 n.7 (11th Cir. 2012).

Finding the deficiencies cured by the subsequent Orders is the most efficient approach, and no party will be prejudiced by that outcome.

\* \* \* \*

Therefore, based on the discussion above, Appellees submit this statement in response to the three supplemental jurisdictional questions posted by the Court on July 17, 2025::

**Question 1:** Please address whether plaintiffs' postjudgment motion for fees and expenses and postjudgment bill of costs in case number 4:21-cv-187 (which created appeal number 25-10184) sparked a single postjudgment motion as to fees and costs. *See Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (stating that postjudgment orders are subject to the test of finality under § 1291 and are deemed final if they dispose of all issues raised in the motion that initiated postjudgment proceedings); *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) ("In postjudgment proceedings, the meaning of a 'final decision' is less clear because the proceedings necessarily follow a final judgment."). Similarly, please address whether plaintiffs' postjudgment motion for fees and expenses and postjudgment bill of costs in case number 4:21-cv-201 (which created appeal number 25-10186) sparked a single postjudgment motion as to fees and costs.

**Answer:** Yes, plaintiffs' post-judgment motions for fees and expenses and post-judgment bill of costs in Nos. 4:21-CV-187 (which created appeal No. 25-10184) and 4:21-CV-201 (which created appeal No. 25-10186) sparked a single post-judgment motion in each case as to fees and costs because the district court

addressed all outstanding cost-related filings in unified rulings, confirming that these filings collectively constituted a single post-judgment proceeding in each case. Accordingly, the motions do not require separate rulings, and the post-judgment proceedings are now complete.

**Question 2:** Please address whether the district court's April 10, 2025 orders and judgment in case number 4:21-cv-187 affect whether the December 20, 2024 order and judgment are reviewable. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 195-96 (11th Cir. 1988) (holding that an order entered after the notice of appeal deciding the outstanding attorney's fees issue cured any prematurity). *But see Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) ("[A]n unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.").

**Answer:** Yes, the district court's April 10, 2025 orders in No. 4:21-CV-187 affect whether the December 20, 2024 order and judgment are reviewable because they resolved all outstanding cost-related motions that were pending at the time the appeal was filed. Under *Norman*, a subsequent order resolving attorney's fees or related issues can cure a premature notice of appeal. *See* 836 F.2d at 1296–97. Here, the April 10, 2025 order cured any such prematurity, confirming the finality of the December 20, 2024 judgment and supporting this Court's jurisdiction over the appeal.

**Question 3:** Please address whether case number 4:21-cv-201 must reflect the resolution of defendant's and intervenor-defendants' bill of costs for the December 20, 2024 order and judgment to be reviewable. *See Mayer*, 672 F.3d at 1224 (holding that an order denying one party's postjudgment motion for attorney's fees was not final where opposing party's motion for attorney's fees remained pending); *Hall v. Hall*, 584 U.S. 59, 66, 77 (2018) (holding that, where cases are consolidated, even for "all purposes," each "retains its independent character, at least to the extent it is appealable when finally resolved, regardless of any ongoing proceedings in the other cases"). *But see Thomas*, 594 F.3d at 829 (holding that, when we determine our jurisdiction, "we take a functional approach, looking not to the form of the district court's order, but to its actual effect" (quotation marks omitted)).

**Answer:** No, the December 20, 2024 order and judgment in No. 4:21-CV-201 did not need to reflect the resolution of Defendant's and Intervenor-Defendants' bills of costs at the time of appeal in order to be reviewable, because those issues were already resolved in the lead case in the district court's February 24, 2025 order, and, under *Thomas*, the Court may take a "functional" approach to finality. *See* 594 F.3d at 829. With all cost-related matters now resolved, the December 20, 2024 judgment is final and reviewable.

## III. If This Court Lacks Jurisdiction, It Should Issue a Limited Remand to the District Court to Address Finality Issues

Should the Court find it lacks jurisdiction over this appeal, Appellees respectfully ask the Court to hold these appeals in abeyance, and remand to the district court for the limited purpose of entering a judgment that corrects any defects in the finality of the existing judgments by expressly addressing the parties' cost-related motions.

This Court has broad authority to "remand the cause and . . . require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106; *see also* Fed. R. App. P. 12.1(b) (allowing the Court to "remand for further proceedings but retain[] jurisdiction unless it expressly dismisses the appeal"). This Court has further recognized that limited remands are appropriate to clarify ambiguities in district court orders—particularly where it is necessary to determine whether a final judgment exists for the purposes of appellate jurisdiction, *see e.g.*, *Savannah Coll. of Art & Design, Inc. v. Sportswear, Inc.*, 978 F.3d 1347, 1348 (11th Cir. 2020) (issuing limited remand to clarify whether district court intended for document designated "judgment" to serve as "final decision")—and are especially warranted where ancillary issues remain. Limited remands also promote judicial efficiency by allowing district courts to correct technical defects in finality without requiring parties to initiate entirely new proceedings. *Cf. Bank S. Leasing, Inc. v. Williams*, 778 F.2d 704, 705 (11th Cir. 1985) (per curiam) (reinstating improperly

9

dismissed appeal for lack of jurisdiction where district court cured finality issues prior to dismissal). Moreover, holding the appeals in abeyance preserves the status quo and prevents prejudice to either party that might result from lengthy delays in obtaining appellate review of the district court's substantive determinations.

Accordingly, if the Court concludes it has no jurisdiction over the appeal, Appellees respectfully request that the Court hold these cases in abeyance and remand them to the district court with limited instructions to resolve the cost-related motions discussed above.

Dated: July 31, 2025

Ellen Y. Choi
COVINGTON & BURLING LLP
415 Mission Street
San Francisco, CA 94105
echoi@cov.com

Respectfully submitted,

By:   */s/ Amia L. Trigg*

Amia L. Trigg
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
atrigg@naacpldf.org

Morenike Fajana
NAACP LEGAL DEFENSE &
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: 212-965-2200
mfajana@naacpldf.org

*Counsel for Disability Rights Florida Appellees*

Judith B. Dianis
John Powers
Advancement Project
1220 L Street, NW, Suite 850
Washington, DC 20005
Telephone: 202-728-9557
jbrowne@advancementproject.org
jpowers@advancementproject.org

Miranda Galino
LatinoJustice, PRLDEF
523 W. Colonial Dr.
Orlando, FL 32804
Telephone: 321-418-6354
mgalindo@latinojustice.org

John A. Freedman
Elisabeth S. Theodore
Jeremy C. Karpatkin
Jillian M. Williams
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202-942-5000
John.Freedman@arnoldporter.com
Elisabeth.Theodore@arnoldporter.com
Jillian.Williams@arnoldporter.com

Jeffrey A. Miller
ARNOLD & PORTER
  KAYE SCHOLER LLP
3000 El Camino Road
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: 650-319-4500
Jeffrey.Miller@arnoldporter.com

*Counsel for Florida Rising Together Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This response complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), it contains [2,507] words.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally-spaced typeface, using Microsoft Word, in Times New Roman 14-point font.

Dated: July 31, 2025

*/s/ Amia L. Trigg*
Amia L. Trigg
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
atrigg@naacpldf.org

*Counsel for Disability Rights Florida Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2025, I caused the foregoing document to be electronically filed with the United States Court of Appeals for the Eleventh Circuit using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record.

*/s/ Amia L. Trigg*
Amia L. Trigg
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
atrigg@naacpldf.org

*Counsel for Disability Rights Florida Appellees*
