**No. 25-10184 (consolidated with 25-10186, 25-10613, and 25-11163)**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

***Disability Rights Florida, et al.***
Plaintiffs-Appellees,
v.
***Florida Secretary of State*,**
Defendant-Appellant.

---

***Florida Rising Together, et al.***
Plaintiffs-Appellees,
v.
***Florida Secretary of State*,**
Defendant-Appellant.

---

***League of Women Voters of Florida, et al.***
Plaintiffs-Appellees,
v.
***Florida Secretary of State*,**
Defendant-Appellant.

---

***Harriet Tubman Freedom Fighters Corp.***
Plaintiff-Appellee,
v.
***Florida Secretary of State*,**
Defendant-Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

---

**JOINT RESPONSE BRIEF OF APPELLEES DISABILITY RIGHTS FLORIDA, FLORIDA RISING TOGETHER, AND LEAGUE OF WOMEN VOTERS OF FLORIDA**

---

(counsel listed on next page)

Amia Trigg
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
Tel: 202-682-1300
atrigg@naacpldf.org

Morenike Fajana
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: 212-965-2200
mfajana@naacpldf.org

Ellen Y. Choi
COVINGTON & BURLING
LLP
415 Mission Street
San Francisco, CA 94105
Tel: 415-591-6000
echoi@cov.com

*Counsel for Disability Rights Florida Appellees*

John A. Freedman
Elisabeth S. Theodore
Jeremy C. Karpatkin
Jillian M. Williams
ARNOLD PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Tel: 202-942-5000
John.freedman@arnoldporter.com
Elisabeth.theodore@arnoldporter.com
Jeremy.karpatkin@arnoldporter.com
Jillian.williams@arnoldporter.com

John Powers
Advancement Project
1220 L Street, NW, Ste. 850
Washington, DC 20005
Tel: 202-728-9557
jpowers@advancementproject.org

Jeffrey A. Miller
ARNOLD & PORTER KAYE
SCHOLER LLP
3000 El Camino Road
Five Paolo Alto Sq., Ste. 500
Palo Alto, CA 94306
Tel: 650-319-4500

Miranda Galino
LatinoJustice, PRLDEF
523 W. Colonial Dr.
Orlando, FL 32804
Tel: 321-418-6354
mgalindo@latinojustice.org

Jeffrey.miller@arnoldporter.com

Neda Khoshkhoo
Dēmos
368 9th Ave., 6th Floor, Ste. 11-105
New York, NY 10001
Tel: 202-864-2739
nkhoshkhoo@demos.org

*Counsel for Florida Rising Together Appellees*

Frederick S. Wermuth
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802
Tel: 407-422-2472
fwermuth@kbzwlaw.com

David R. Fox
Christina Ford
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NE, Ste. 400
Washington, DC 20001
Tel: 202-968-4490
dfox@elias.law
cford@elias.law

*Counsel for Appellees League of Women Voters of Florida, Inc., et al.*

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs-Appellees do not request oral argument as to the Registration Disclaimer issue given that it is foreclosed by circuit precedent. Plaintiffs-Appellees otherwise take no position on the Secretary's request for oral argument. Given the importance of the issues addressed in this brief, however, Plaintiffs-Appellees would welcome the opportunity to present oral argument if this Court would find it helpful.

## TABLE OF CONTENTS


**Page**

STATEMENT REGARDING ORAL ARGUMENT ............................................i

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION ...................................................................................1

JURISDICTIONAL STATEMENT .........................................................3

STATEMENT OF THE ISSUES...............................................................4

STATEMENT OF THE CASE..................................................................5

I. Background and Procedural History ...............................................5

  A. The Challenged Provisions.........................................................5

  B. The Secretary's Dismissal and Intervention to Defend the Solicitation Provision ..........................................................6

  C. The Trial and Merits Appeal .......................................................8

  D. Subsequent Proceedings on Fees and Costs.................................10

STANDARD OF REVIEW .....................................................................14

SUMMARY OF ARGUMENT ...............................................................14

ARGUMENT .........................................................................................18

I. Plaintiffs are Prevailing Parties on the Registration Disclaimer Provision Because They Obtained Permanent Injunctive Relief Against Its Enforcement .......................................................................18

II. The Secretary's Intervenor Status Does Not Shield Him from Fee Liability Under Section 1988 ..........................................................23

  A. The Secretary Was Not a "Blameless" Intervenor and He Is Liable for Plaintiffs' Fees...................................................24

B. The Secretary's Defense on Behalf of the State Makes Him Liable for Fees ..... 25

C. *Brat* Supports the Secretary's Liability for Fees ..... 30

D. Allowing the Secretary to Avoid Paying Fees Would Undermine the Policy Behind the Fee-Shifting Statute ..... 31

CONCLUSION ..... 32

CERTIFICATE OF SERVICE ..... 35

CERTIFICATE OF COMPLIANCE ..... 36

## TABLE OF AUTHORITIES

**Page(s)**

**<u>Cases</u>**

*Atlanta J. & Const. v. Cty. of Atlanta Dep't of Aviation*,
442 F.3d 1283 (11th Cir. 2006) ....................14

*Bonner v. City of Prichard*,
661 F.2d 1206 (11th Cir. 1981) ....................20

*Brat v. Personhuballah*,
883 F.3d 475 (4th Cir. 2018) .................... 2, 16, 25, 26, 28, 30, 31

*Common Cause/Ga. v. Billups*,
554 F.3d 1340 (11th Cir. 2009) ....................14

*Dahlem v. Bd. of Educ. of Denver Pub. Sch.*,
901 F.2d 1508 (10th Cir. 1990) ....................20

*Diffenderfer v. Gomez-Colon*,
587 F.3d 445 (1st Cir. 2009)....................20, 21

*Doe v. Marshall*,
622 F.2d 118 (5th Cir. 1980) ....................19

*Freed v. Thomas*,
137 F.4th 552 (6th Cir. 2025) ....................2, 16, 17, 28, 32

*Gaylor v. N. Springs Assocs., LLLP*,
648 F. App'x 807 (11th Cir. 2016)....................20, 21

*Grabarczyk v. Stein*,
32 F.4th 301 (4th Cir. 2022) ....................21

*Grano v. Barry*,
783 F.2d 1104 (D.C. Cir. 1986)....................20

*Green Party of Tenn. v. Hargett*,
767 F.3d 533 (6th Cir. 2014) ....................20

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)....................22

*Indep. Fed. of Flight Attendants v. Zipes*,
491 U.S. 754 (1989)....................................................................13, 16, 24, 25, 28

*Jacksonville Prop. Rts. Ass'n, Inc. v. City of Jacksonville*,
635 F.3d 1266 (11th Cir. 2011) .........................................................................20

*Jacobson v. Fla. Sec'y of State*,
974 F.3d 1236 (11th Cir. 2020) ...................................................................17, 29

*Jenkins by Agyei v. Missouri*,
967 F.2d 1248 (8th Cir. 1992) ...........................................................................28

*Johnson v. Mississippi*,
606 F.2d 635 (5th Cir. 1979) .............................................................................19

*Kirk v. N.Y.S. Dep't of Educ.*,
644 F.3d 134 (2d Cir. 2011) ..............................................................................21

*Lackey v. Stinnie*,
604 U.S. 192 (2025).....................................................................................15, 22

*League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*,
66 F.4th 905 (11th Cir. 2023) ..................................................................1, 10, 31

*League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*,
716 F. Supp. 3d 1236 (N.D. Fla. 2024) ...............................................................10

*League of Women Voters of Fla., Inc. v. Lee*,
595 F. Supp. 3d 1042 (N.D. Fla. 2022) ..........................................................1, 5, 8

*Lefemine v. Wideman*,
568 U.S. 1 (2012).................................................................................................22

*Libertarian Party of Ark. v. Martin*,
876 F.3d 948 (8th Cir. 2017) ..............................................................................21

*Mallory v. Harkness*,
109 F.3d 771 (11th Cir. 1997) (unpub.)..........................................................2, 27

*Mallory v. Harkness*,
923 F. Supp. 1546 (S.D. Fla. 1996) ........................... 2, 17, 25, 26, 27, 28, 31, 32

*Nat'l Black Police Ass'n v. D.C. Bd. of Elections & Ethics*,
168 F.3d 525 (D.C. Cir. 1999)....................21

*Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago*,
646 F.3d 992 (7th Cir. 2011)....................20

*Planned Parenthood of Cent. N.J. v. Attorney General*,
297 F.3d 253 (3d Cir. 2002)....................2, 16, 25, 28, 32

*Royal Palm Props., LLC v. Pink Palm Props., LLC*,
38 F.4th 1372 (11th Cir. 2022)....................14

*Sargeant v. Sharp*,
579 F.2d 645 (1st Cir. 1978)....................31

*Sole v. Wyner*,
551 U.S. 74 (2007)....................12, 15, 22, 23

*Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*,
489 U.S. 782 (1989)....................11, 14, 22

*Thomas v. Bryant*,
614 F.3d 1288 (11th Cir. 2010)....................2, 11, 15, 18, 19, 20

*Thomas v. Reeves*,
961 F.3d 800 (5th Cir. 2020)....................23

*UFO Chuting of Haw., Inc. v. Smith*,
508 F.3d 1189 (9th Cir. 2007)....................20

**Statutes**

28 U.S.C.
§ 1291....................3
§ 1331....................3

42 U.S.C.
§ 1988....................1, 3, 4, 14, 16, 25
§ 2000a-3(b)....................25

Fla. Stat.
§ 97.0575(2) ........ 1
§ 97.0575(3)(a) ........ 1
§ 102.031(4)(b) ........ 1

**Legislative Materials**

H.R. Rep. No. 94-1558 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908 ........ 31

S. Rep. No. 94-1011 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908 ........ 31

**Other Authorities**

State Appellants' Reply Br., *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, (No. 22-1143), 2022 WL 4078872 ........ 31

## INTRODUCTION

Having obtained a permanent injunction against portions of Florida's 2021 election law, Senate Bill 90 ("SB 90"), Plaintiffs-Appellees (hereinafter "Plaintiffs") are prevailing parties entitled to attorneys' fees under 42 U.S.C. § 1988. After a fourteen-day bench trial, Plaintiffs obtained permanent relief against two provisions of SB 90: (1) the Registration Disclaimer Provision, which required third-party voter-registration organizations to deliver a misleading warning to prospective registrants, *see* Fla. Stat. § 97.0575(3)(a), and (2) the Solicitation Provision, which criminalized "any activity with the intent to influence or effect of influencing a voter" within 150 feet of a polling location, Fla. Stat. § 102.031(4)(b); *see also League of Women Voters of Fla., Inc. v. Lee*, 595 F. Supp. 3d 1042, 1180-83 (N.D. Fla. 2022) (No. 4:21-cv-186, Doc. 665) ("*League I*").

Following an appeal by the Secretary, who was the only party to appeal the district court's injunction against the Solicitation Provision on First Amendment grounds, the Eleventh Circuit upheld the district court's conclusion that a portion of the Solicitation Provision was unconstitutionally vague and could not be enforced. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 946-51 (11th Cir. 2023) ("*League II*"). And the Secretary's appeal concerning the Registration Disclaimer was mooted after the Legislature repealed that Provision (*after* Plaintiffs had obtained a permanent injunction against it).

Because Plaintiffs obtained permanent injunctions on both Provisions, the district court correctly concluded that Plaintiffs are prevailing parties under § 1988. The Secretary cites no precedent that compels a contrary conclusion and ignores precedent that affirms it. *First*, binding precedent holds that Plaintiffs are prevailing parties entitled to fees for obtaining a final judgment against the Registration Disclaimer Provision, even when that judgment is later vacated as moot. *See Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010). *Second*, the Secretary is responsible for fees because, after the existing Defendants largely declined to defend the Solicitation Provisions, the Secretary chose to intervene to vigorously defend the Provision. Having provided the primary defense of the Solicitation Provision on behalf of the State, the Secretary is not a "blameless" intervenor. Rather, authority in this Circuit and several others confirms that state officials who intervene to defend unconstitutional statutes should be held liable for fees under § 1988. *See, e.g., Mallory v. Harkness*, 923 F. Supp. 1546, 1552 (S.D. Fla. 1996), *aff'd*, 109 F.3d 771 (11th Cir. 1997) (unpub.); *see also Planned Parenthood of Cent. N.J. v. Attorney General*, 297 F.3d 253, 264-65 (3d Cir. 2002); *Brat v. Personhuballah*, 883 F.3d 475, 484 (4th Cir. 2018); *Freed v. Thomas*, 137 F.4th 552, 559 (6th Cir. 2025). This Court should affirm.

## JURISDICTIONAL STATEMENT

Appellant correctly identifies the basis for this Court's jurisdiction. Appellant Secretary of State's Initial Br. on Fees ("Sec'y Br."), 11th Cir. Doc. 41, at 23.[1] The district court had subject-matter jurisdiction over these actions under 28 U.S.C. § 1331 because Plaintiffs alleged violations of the U.S. Constitution and federal voting rights statutes. The district court also had authority to award attorneys' fees and costs under 42 U.S.C. § 1988.

The district court entered final orders granting Plaintiffs' entitlement to attorneys' fees and costs and fixing the amounts awarded in each case. No. 4:21-cv-186, Docs. 784, 807; No. 4:21-cv-187, Docs. 410, 426; No. 4:21-cv-201, Docs. 371, 388; No. 4:21-cv-242, Docs. 327, 344, 356. Those orders disposed of all issues related to fees and costs and are final and appealable under 28 U.S.C. § 1291.

The Florida Secretary of State timely filed notices of appeal from each fee order. No. 4:21-cv-186, Doc. 809; No. 4:21-cv-187, Doc. 428; No. 4:21-cv-201, Doc. 390; No. 4:21-cv-242, Doc. 346. This Court therefore has appellate jurisdiction under 28 U.S.C. § 1291. *See also* 11th Cir. Doc. 39 (noting probable jurisdiction).

---

[1] "Doc." refers to docketed filings in the district court, preceded by the appropriate case number. "11th Cir. Doc." refers to filings on this Court's docket in Case No. 25-10184.

The four appeals have been consolidated under case No. 25-10184. *See* 11th Cir. Doc. 40-2.

## STATEMENT OF THE ISSUES

1. Whether the district court correctly held that Plaintiffs are prevailing parties under 42 U.S.C. § 1988 where they obtained final, merits-based relief permanently enjoining SB 90's Registration Disclaimer Provision, even though the judgment was later vacated under *Munsingwear* after the Florida Legislature repealed the challenged law.

2. Whether the district court correctly awarded attorneys' fees and expenses under 42 U.S.C. § 1988 against the Secretary of State for Plaintiffs' successful challenge on the merits to SB 90's Solicitation Provision, where the Secretary actively inserted himself as an intervening defendant and took primary responsibility for the defense of the statute on behalf of the State.

## STATEMENT OF THE CASE

### I. Background and Procedural History

#### A. The Challenged Provisions

Shortly after the enactment of SB 90, Plaintiffs—nonprofit organizations and individual Florida voters—challenged various provisions of the legislation under the First, Fourteenth, and Fifteenth Amendments; the Americans with Disabilities Act (ADA); and the Voting Rights Act (VRA). *See League I*, 595 F. Supp. 3d at 1060 (No. 4:21-cv-186, Doc. 665, at 2).[2]

As relevant here, each plaintiff group challenged one or both of SB 90's Registration Disclaimer and Solicitation Provisions. Plaintiffs in *Disability Rights Florida v. Lee*, No. 4:21-cv-187, sought (and later obtained) a permanent injunction against enforcement of the Solicitation Provision. First Am. Compl. ¶ 230, Doc. 45 ("*Disability Rights* Compl."). Plaintiffs in *Florida Rising Together v. Lee*, No. 4:21-cv-201, and *League of Women Voters of Florida v. Lee*, No. 4:21-cv-186, sought (and later obtained) permanent injunctions against both the Registration Disclaimer and the Solicitation Provisions. *See* First Am. Compl. at 119-20, No. 4:21-cv-201, Doc. 59 ("*FRT* Compl.")*; see also* Corrected First Am. Compl. at 75, No. 4:21-cv-186, Doc. 160 ("*League* Compl.").

[2] Except where otherwise noted, citations to the district court's final order following the bench trial are to both the *Federal Supplement* reporter and the corresponding page in the record.

Although the Plaintiffs named the Supervisors of Elections ("Supervisors") as Defendants for most of their claims, 66 of Florida's 67 Supervisors filed an unopposed motion to be "excused from active participation" in the case, noting they "[would] not take positions on the merits of Plaintiffs' claims," and that they did not intend to file dispositive motions or evidence at trial. *See, e.g.,* No. 4:21-cv-186, Doc. 114 at 1-2. While the district court did not formally grant that motion, the Supervisors followed through in taking a very minimal role in the defense of the case. *See infra* pp.7-9.

Both plaintiff groups challenging the Registration Disclaimer named the Florida Secretary of State as a defendant to that provision. *See FRT* Compl. ¶ 58; *League* Compl. ¶¶ 36-37. The Legue Plaintiffs also named the Florida Attorney General as a defendant to that Provision. *See League* Compl. ¶¶ 36-37. The district court held that both were proper defendants for Plaintiffs' challenge to the Registration Disclaimer Provision, *see* No. 4:21-cv-186, Doc. 274, at 26, and the litigation proceeded against both Defendants.

### B. The Secretary's Dismissal and Intervention to Defend the Solicitation Provision

Plaintiffs challenging the Solicitation Provision initially named the Florida Secretary of State and county Supervisors as defendants to that Provision. *See Disability Rights* Compl. ¶¶ 25, 30; *FRT* Compl. ¶¶ 58-59; *League* Compl. ¶¶ 36, 38. After then-Secretary Laurel Lee argued that the Secretary was not a proper defendant

for any challenge to the Solicitation Provision, *see* No. 4:21-cv-186, Doc. 163, at 12-13, the district court agreed, concluding that because the Solicitation Provision was enforced at the county level, any injuries were traceable only to the Supervisors, *see* No. 4:21-cv-186, Doc. 274, at 24-25. The court therefore dismissed the Solicitation Provision claims against the Secretary for lack of standing. *See* No. 4:21-cv-186, Doc. 274, at 24-25. Absent affirmative steps by the Secretary, those claims would have proceeded against the Supervisors alone. Unsatisfied with that result, however, the Secretary filed a motion to intervene to defend the very Solicitation Provision challenge that had just been dismissed against the Secretary. *See* No. 4:21-cv-186, Doc. 337. The Secretary's basis for intervention was to present and defend the State of Florida's interests in the constitutionality of the Solicitation Provision. *See* No. 4:21-cv-186, Doc. 337-1, at 2. The district court granted intervention over Plaintiffs' opposition. No. 4:21-cv-186, Doc. 359.

The Secretary actively participated in all subsequent phases of the litigation concerning the Solicitation Provision, including pre-trial motions, trial, post-trial briefing, and the merits appeal. *See, e.g.,* No. 4:21-cv-186, Docs. 665, 758; *see also, e.g.,* No. 4:21-cv-186, Docs. 351, 355, 367-68, 370 (summary judgment), 378, 394-95, 411-16 (motions in limine), 440-41, 455 (trial designations and exhibits). The Secretary's defense was vigorous: among other things, the Secretary noticed nine

depositions of Plaintiffs and served 352 interrogatories and 212 requests for production on Plaintiffs, in coordination with other Intervenor-Defendants.

### C. The Trial and Merits Appeal

The cases were consolidated and proceeded to a bench trial over fourteen days that produced a voluminous evidentiary record. At trial, the district court heard testimony from 42 witnesses and admitted hundreds of exhibits. *See League I*, 595 F. Supp. 3d at 1060 & n.3 (No. 4:21-cv-186, Doc. 665 at 2 & n.3). Plaintiffs presented extensive fact and expert testimony concerning the real-world effects of the challenged provisions and their constitutional defects. The Secretary's counsel took the lead at trial in defending the Solicitation Definition along with the other challenged provisions. In contrast, counsel for 66 of the 67 Supervisors—the only non-intervenor Defendants for the Solicitation Provision—took a far less active role, with only Supervisor White's counsel asking a handful of questions at trial.

The district court's findings rested on a voluminous and largely unrebutted factual record. Based on that record, the district court entered permanent injunctions addressing one or both of the challenged provisions, depending on what claims were at issue in each case. In particular, the district court enjoined the Secretary and the Attorney General from enforcing the Registration Disclaimer Provision, and enjoined the relevant Supervisors from enforcing the Solicitation Provision on vagueness and overbreadth grounds. *See League I*, 595 F. Supp. 3d at 1180-83 (No.

4:21-cv-186, Doc. 665 at 284-88). Supervisors from Bay, Volusia, Broward, Palm Beach, Miami-Dade, Duval, Orange, Osceola, Pinellas, and Seminole Counties were enjoined from enforcing the Solicitation Definition based on Plaintiffs' successful First Amendment challenge to that Provision. *See id.* at 1139-40, 1180-83 (No. 4:21-cv-186, Doc. 665 at 187-88, 284-88).

Following the district court's final orders, which enjoined both the Secretary and the Attorney General from enforcing the Registration Disclaimer Provision, *see id.* at 1180-83 (No. 4:21-cv-186, Doc. 665 at 284-88), both Defendants appealed that injunction, No. 4:21-cv-186, Doc. 667; No. 4:21-cv-187, Doc. 353; No. 4:21-cv-201, Doc. 310. But no Supervisor who was enjoined from enforcing the Solicitation Provision on vagueness and overbreadth grounds appealed the injunction on that basis. Only the Secretary pursued that appeal on those grounds.[3]

The resulting appeals were consolidated. *See* No. 4:21-cv-186, Doc. 809; No. 4:21-cv-187, Doc. 428; No. 4:21-cv-201, Doc. 390; *see also* 11th Cir. Doc. 40-2. At least one Plaintiff group challenged the Secretary's standing to appeal the portion of the district court's orders enjoining Supervisors from enforcing the Solicitation

[3] Only two of Florida's Supervisors (Supervisor Hays from Lake County and Supervisor Doyle from Lee County) appealed any part of the district court's final order. But neither was subject to the district court's injunction against the Solicitation Provision on the basis of Plaintiffs' successful First Amendment challenge.

Provision on vagueness and overbreadth grounds, because no Supervisor who was enjoined on that basis appealed that judgment. The Secretary opposed that challenge, contending that the Secretary had standing to appeal the decision.

This Court issued a consolidated decision in all four cases. *See League II*, 66 F.4th at 905. The panel held that the Secretary had standing to appeal the district court's order on the Solicitation Provision, and while it held that the first operative phrase of the Solicitation Provision was constitutional, it affirmed the district court's order holding the second operative phrase was unconstitutionally vague. *Id.* at 945-48. The panel further vacated the injunction regarding the Registration Disclaimer Provision as moot because the Florida Legislature had repealed that provision during the pendency of the appeal. *Id.* at 948-51. It then remanded to the district court for further proceedings. *Id.* at 951.

**D. Subsequent Proceedings on Fees and Costs**

On remand, the district court dismissed the remaining claims in a final order. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 716 F. Supp. 3d 1236 (N.D. Fla. 2024) ("*League III*"). Plaintiffs then moved for attorneys' fees and costs as prevailing parties under § 1988, which the Secretary opposed.[4] The district

[4] As the district court noted, "[t]he Secretary does not dispute that Plaintiffs are prevailing parties entitled to some fees and costs for their challenge to the Solicitation Definition—instead, he disputes whether his office should . . . pay for them." No. 4:21-cv-186, Doc. 784 at 7 n.2; No. 4:21-cv-201, Doc. 371 at 7 n.4

Footnote continued on next page

court granted Plaintiffs' applications in each case on May 23, 2024. *See* No. 4:21-cv-186, Doc. 784; No. 4:21-cv-187, Doc. 410; No. 4:21-cv-201, Doc. 371.[5]

In assessing Plaintiffs' prevailing-party status with respect to the Registration Disclaimer Provision, the district court emphasized this Circuit's precedent granting courts discretion to award fees where a party has "succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." No. 4:21-cv-186, Doc. 784 at 3 (internal quotation marks omitted) (quoting *Thomas,* 614 F.3d at 1294-95); No. 4:21-cv-201, Doc. 371 at 4 (same). The court reiterated that "[t]he touchstone of the prevailing party inquiry [is] the material alteration of the legal relationship of the parties[.]" No. 4:21-cv-186, Doc. 784 at 3-4 (internal quotation marks omitted) (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)); No. 4:21-cv-201, Doc. 371 at 4 (same). As the district court held, Plaintiffs were prevailing parties because they obtained a "*permanent* injunction that was mooted on appeal only because the Florida Legislature repealed an unconstitutional law," thereby preventing Defendants from enforcing the Registration Disclaimer provision and "material[ly] alter[ing]" the

(similar). The Secretary otherwise disputes that Plaintiffs are prevailing parties as to the Registration Disclaimer Provision.

[5] These district court orders were substantively similar in language and analysis across cases.

parties' legal relationship. No. 4:21-cv-186, Doc. 784 at 5 (emphasis added) (citation omitted); No. 4:21-cv-201, Doc. 371 at 5 (same). The court also expressly rejected the Secretary's argument that Plaintiffs' success amounted to a "transient victory," explaining that neither *Sole v. Wyner*, 551 U.S. 74 (2007), nor *Munsingwear* vacatur negates prevailing-party status where plaintiffs obtained permanent injunctive relief that endured until legislative repeal. No. 4:21-cv-186, Doc. 784 at 5-6; No. 4:21-cv-201, Doc. 371 at 6. On this basis, the court imposed fees against the Secretary in both cases as a defendant for the Registration Disclaimer Provision, as well as and the Attorney General in the *League* case. No. 4:21-cv-186, Doc. 784 at 12-13; No. 4:21-cv-201, Doc. 371 at 1 & n.2, 12-13.

Further, the district court held that the Secretary of State's status as an intervenor did not shield the Secretary from liability for fees under § 1988. No. 4:21-cv-186, Doc. 784 at 7-12 & n.5; No. 4:21-cv-187, Doc. 410 at 3-8 & n.3; No. 4:21-cv-201, Doc. 371 at 7-12 & n.6. The court explained that the statute's text "does not limit attorney fee liability to named parties, nor does it expressly exclude intervenors"; rather, fee liability may attach where an intervenor is a state actor who steps in to defend the constitutionality of state law. No. 4:21-cv-186, Doc. 784 at 7-12; No. 4:21-cv-187, Doc. 410 at 3-8; No. 4:21-cv-201, Doc. 371 at 7-12. The district court further noted persuasive authority, affirmed by this Circuit, as well as from several other circuits, holding that state intervenors may be subject to fee

liability under § 1988. No. 4:21-cv-186, Doc. 784 at 7-11 (collecting cases); *accord* No. 4:21-cv-187, Doc. 410 at 3-7; No. 4:21-cv-201, Doc. 371 at 8-11. The court concluded that, given the Secretary's intervention and active defense of SB 90 as a representative of the State of Florida (the party responsible for enacting, enforcing, and defending the unconstitutional provision), the Secretary was sufficiently connected to the underlying constitutional violation to bear fee liability. No. 4:21-cv-186, Doc. 784 at 8-9; No. 4:21-cv-187, Doc. 410 at 4-5; No. 4:21-cv-201, Doc. 371 at 9. In so doing, the court also rejected the Secretary's reliance on *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989), explaining that *Zipes* protects only "blameless intervenor[s]," not state actors who voluntarily intervene to defend unconstitutional statutes. No. 4:21-cv-186, Doc. 784 at 10-11 (citing *Zipes*, 491 U.S. at 761); *accord* No. 4:21-cv-187, Doc. 410 at 5-7; No. 4:21-cv-201, Doc. 371 at 10-11.

In each case, the district court held Plaintiffs were prevailing parties and entitled to fees but awarded Plaintiffs less than the amounts requested. *See* No. 4:21-cv-187, Docs. 410, 426 (granting fees but reducing award); No. 4:21-cv-201, Docs. 371, 388 (similar); No. 4:21-cv-186, Docs. 784, 807 (similar).

Although the Attorney General was found liable for fees for his defense of the Registration Disclaimer Provision, the Attorney General did not appeal the district court's fee order. In each case, the Secretary alone appealed the fee orders,

challenging only Plaintiffs' prevailing party status (Registration Disclaimer Provision) and entitlement (Solicitation Provision).

## STANDARD OF REVIEW

This Court reviews legal questions de novo, including entitlement to attorneys' fees and prevailing-party determinations; reviews for abuse of discretion the district court's award of attorneys' fees and costs; and reviews for clear error the underlying factual findings. *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1375 (11th Cir. 2022); *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1349 (11th Cir. 2009) (citing *Atlanta J. & Const. v. Cty. of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006)).

## SUMMARY OF ARGUMENT

**1.** Plaintiffs are prevailing parties under 42 U.S.C. § 1988 because they obtained a permanent injunction prohibiting enforcement of the Registration Disclaimer Provision after a full bench trial on the merits. That injunction conclusively resolved Plaintiffs' constitutional challenge and materially altered the legal relationship between the parties. *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). The subsequent repeal of the Provision and this Court's vacatur of the judgment on mootness grounds do not alter that conclusion.

This Court's precedent in *Thomas v. Bryant*, 614 F.3d at 1288, controls here. There, a panel of this Court held that when plaintiffs obtain permanent injunctive relief and an intervening event moots the appeal, they remain prevailing parties for purposes of attorneys' fees for the district court litigation—even where the court vacates the judgment. *Id.* at 1294. The procedural posture of *Thomas* is materially indistinguishable from this case: a § 1983 action in which plaintiffs obtained a permanent injunction on the merits, the appeal became moot due to intervening events, and this Court vacated the judgment but nonetheless recognized plaintiffs' entitlement to seek fees.

This Court's other precedent only confirms that conclusion. Decisions inherited from the former Fifth Circuit, as well as more recent Eleventh Circuit cases, confirm that mootness and vacatur do not defeat prevailing-party status. *See infra* p.22. Nor has any other circuit held otherwise. To the contrary, the First, Second, Fourth, Eighth, and D.C. Circuits all agree that vacatur of a permanent injunction on mootness grounds does not deprive a party of its prevailing party status. *See infra* p.22-24. Accordingly, nothing in this or any other circuit's case law supports the Secretary's position and accepting it would require this panel to disregard binding precedent.

The Secretary's misplaced reliance on *Sole v. Wyner,* 551 U.S. 74 (2007), and *Lackey v. Stinnie*, 604 U.S. 192 (2025), does not change the analysis. Those cases

addressed preliminary injunctions, which do not finally resolve the merits and therefore do not confer prevailing-party status. By contrast, this case—like *Thomas* before—involves a permanent injunction entered after a full merits determination. The only authority the Secretary cites to the contrary is a nonbinding concurrence from another circuit. Under the Eleventh Circuit's prior-panel-precedent rule, this panel is bound by *Thomas* and must affirm the district court's prevailing-party determination.

**2.** The Secretary cannot avoid fee liability for Plaintiffs' success on their Solicitation Provision claim by characterizing himself as a blameless intervenor. After the district court dismissed Plaintiffs' Solicitation Provision claims against the Secretary, the Secretary then voluntarily intervened to defend that Provision on behalf of the State, *see* 4:21-cv-186, Doc. 337-1, and then vigorously litigated the case as the functional defendant. Section 1988 does not permit a state official to assume that role and then disclaim responsibility for the fees generated by the defense of an unconstitutional statute.

Under *Zipes v. Trans World Airlines*, 491 U.S. at 754, only "blameless" intervenors are ordinarily shielded from fee liability. Courts applying *Zipes* have consistently held that state actors who intervene to defend unconstitutional statutes enacted or enforced by the State are not blameless. *See, e.g., Brat*, 883 F.3d at 484; *see also Planned Parenthood of Cent. N.J.*, 297 F.3d at 264-65; *Freed*, 137 F.4th at

559. The district court correctly relied on this line of authority, including persuasive precedent within this Circuit, to conclude that the Secretary's conduct placed him outside *Zipes*'s narrow protection.

The Secretary's intervention here also mirrors the circumstances in *Mallory v. Harkness*, where a Florida state official intervened to defend an unconstitutional statute and was held liable for attorneys' fees because he "acted as the defendant in the case." 923 F. Supp. at 1553. As in *Mallory*, the Secretary intervened early, represented the State's interests, vigorously defended the challenged provision at every stage of the litigation, and took the lead at trial and on appeal. Indeed, here the Secretary was the only party to appeal the injunction barring the Supervisors from enforcing the Solicitation Provision on vagueness and overbreadth grounds. That conduct renders him subject to fee liability under § 1988.

Imposing fees on the Secretary is also fully consistent with this Court's decision in *Jacobson v. Florida Secretary of State,* 974 F.3d 1236 (11th Cir. 2020). *Jacobson* addresses Article III standing and limits when the Secretary may be named as a defendant in challenges to Florida election laws. It does not prohibit fee liability when the Secretary voluntarily intervenes to defend an unconstitutional statute on the State's behalf. The Secretary's liability flows not from his statutory duties, but from his strategic choice to insert himself into the litigation and defend the unconstitutional law on behalf of the State.

Allowing the Secretary to avoid fees in these circumstances would create a perverse incentive structure—permitting the Secretary to intervene when local officials decline to defend a law, and then escape fee liability if the law is held unconstitutional. That result would undermine the core purpose of § 1988 and cannot be squared with this Court's precedent. The district court's entitlement ruling was thus correct and should be affirmed.

## ARGUMENT

### I. Plaintiffs are Prevailing Parties on the Registration Disclaimer Provision Because They Obtained Permanent Injunctive Relief Against Its Enforcement

Having undisputedly obtained a permanent injunction against enforcement of the Registration Disclaimer Provision, Plaintiffs are prevailing parties as a matter of law with respect to that claim. Contrary to the Secretary's contention, the vacatur of that injunction under *Munsingwear* after the Florida Legislature repealed the Provision does not alter that result—as controlling precedent of this Court— as well as similar decisions of the First, Second, Fourth, Eighth, and D.C. Circuits all agree.

The Circuit's prior decision in *Thomas*, 614 F.3d at 1294, is directly on point. In *Thomas*, the Court held that "when plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation." *Id*. (citation omitted).

The procedural posture of *Thomas* was closely analogous to this case. *Thomas* was a § 1983 case in which this Court vacated the district court's judgment and permanent injunction on mootness grounds but nonetheless remanded the matter to "allow the district court to resolve [plaintiff]'s motion for attorney's fees." *Id.* Here, too, Plaintiffs obtained a permanent injunction barring the Attorney General and Secretary from enforcing the Registration Disclaimer Provision after a full trial on the merits. *See* No. 4:21-cv-186, Docs. 665, 758. As in *Thomas*, an intervening event—here, the Legislature's repeal of the Provision—"rendered the case moot on appeal." 614 F.3d at 1294. But as *Thomas* holds, "[P]laintiffs are still 'prevailing parties for the purposes of attorney's fees" on the subsequently mooted judgment. *Id.* (citation omitted). This should end the analysis.

And *Thomas* does not stand alone. Other binding caselaw establishes that mootness does not deprive a party of prevailing party status. *See, e.g., Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980) ("[A] determination of mootness does not prevent an award of attorneys' fees."); *see also Johnson v. Mississippi*, 606 F.2d 635, 636 (5th Cir. 1979) (affirming fee award to plaintiffs after they received a permanent injunction barring enforcement of a statute, even though the case was

mooted after that statute was amended pending an appeal).[6] Sister circuits have held the same. *See Thomas*, 614 F.3d at 1294 n.2 (collecting cases); *see also, e.g*., *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014); *Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago*, 646 F.3d 992, 994 (7th Cir. 2011); *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 453 (1st Cir. 2009); *UFO Chuting of Haw., Inc. v. Smith,* 508 F.3d 1189, 1197 & n.8 (9th Cir. 2007); *Dahlem v. Bd. of Educ. of Denver Pub. Sch.,* 901 F.2d 1508, 1512-13 (10th Cir. 1990); *Grano v. Barry,* 783 F.2d 1104, 1109 (D.C. Cir. 1986).

The fact that this Court formally vacated the district court's judgment as moot does not affect Plaintiffs' status as "prevailing parties" for their success on the Registration Disclaimer Provision. In *Thomas*, too, the judgment was vacated. 614 F.3d at 1294. And in other cases, this Court has repeatedly held that vacatur of a judgment as moot does not affect fee entitlement. *See Jacksonville Prop. Rts. Ass'n, Inc. v. City of Jacksonville*, 635 F.3d 1266, 1275 n.20 (11th Cir. 2011) (noting "that our decision to dismiss each parties' appeal, vacate the judgment, and instruct the district court to dismiss the case will not deprive the Plaintiffs of the opportunity to seek those § 1988 attorneys' fees"); *Gaylor v. N. Springs Assocs., LLLP*, 648 F.

---

[6] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

App'x 807, 811 (11th Cir. 2016) (vacating judgment below in light of mootness but recognizing such action "does not affect [the plaintiff's] status as a prevailing party for purposes of attorney's fees").

Other circuits agree on this point. *See, e.g.*, *Grabarczyk v. Stein*, 32 F.4th 301, 307 (4th Cir. 2022) (holding that vacatur of a permanent injunction on mootness grounds after legislative amendment does not deprive a party of prevailing party status); *Libertarian Party of Ark. v. Martin*, 876 F.3d 948, 952-53 (8th Cir. 2017) (affirming fee award to plaintiff after it obtained final declaratory relief, which was vacated pursuant to *Munsingwear* after a legislative amendment mooted the appeal); *Kirk v. N.Y.S. Dep't of Educ.*, 644 F.3d 134, 137-39 (2d Cir. 2011) (holding that vacatur of a permanent injunction on mootness grounds does not deprive a party of prevailing party status); *Diffenderfer*, 587 F.3d at 453 (holding vacatur of a permanent injunction on mootness grounds after legislative amendment does not deprive a party of prevailing party status); *Nat'l Black Police Ass'n v. D.C. Bd. of Elections & Ethics*, 168 F.3d 525, 528-29 (D.C. Cir. 1999) (affirming fee award to plaintiffs after they obtained final injunctive relief, which was vacated pursuant to *Munsingwear* after a legislative repeal mooted the appeal). Accepting the Secretary's arguments would require this Court to overturn its own precedent and create a circuit split with the First, Second, Fourth, Eighth, and D.C. Circuits.

Further, it makes no difference that Plaintiffs did not succeed on some of their *other* claims beyond the Registration Disclaimer Provision. Plaintiffs are entitled to a fee award "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted). Prevailing party status does not require that a plaintiff succeed on all or most issues in the litigation, or even the "central issue." *Tex. State Tchrs. Ass'n*, 489 U.S. at 790. Although "the *degree* of the plaintiff's success in relation to the other goals of the lawsuit" may be relevant to "the size of a reasonable fee," it is not relevant "to eligibility for a fee award." *Id.* To establish entitlement, a party need only "point to a resolution of the dispute which change[d] the legal relationship" between the parties. *Id.* at 792. "[A]n injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).

The Secretary largely ignores *Thomas* and focuses on *Lackey v. Stinnie*, 604 U.S. at 192, and *Sole v. Wyner*, 551 U.S. at 74. But *Lackey* and *Sole* involved entry of preliminary rather than permanent injunctions. And this difference was central to their reasoning. *Lackey* emphasized that "[p]reliminary injunctions . . . do not conclusively resolve legal disputes," unlike permanent injunctions, which "conclusively resolve the rights of the parties on the merits." 604 U.S. at 200-01. *Sole* too concerned a plaintiff who obtained only a preliminary injunction before

losing on the merits at trial—unlike Plaintiffs here, who won. *See* 551 U.S. at 79-81.

The only contrary authority the Secretary cites is the concurring opinion of a single Fifth Circuit judge, sitting on an *en banc* court of fifteen judges. *See* Sec'y Br. at 13-14 (citing *Thomas v. Reeves*, 961 F.3d 800, 828-29 (5th Cir. 2020) (Oldham, J., concurring)). A concurrence endorsed by a single judge on an en banc court does not establish controlling precedent in the Fifth Circuit, let alone this Court. No court has accepted Judge Oldham's approach, and *Thomas v. Bryant* precludes this panel from holding otherwise.

## II. The Secretary's Intervenor Status Does Not Shield Him from Fee Liability Under Section 1988

The Secretary attempts to shield himself from liability for fees relating to the Solicitation Provision based upon asserting his intervenor status for that Provision, notwithstanding the fact that he stepped into the shoes of the defendant and vigorously defended the Solicitation Provision on behalf of the State. *See supra* pp.7-10. As the district court correctly noted, "several other circuits have acknowledged that state intervenors stepping in for other state actors may bear fee liability under section 1988." No. 4:21-cv-186, Doc. 784 at 8 (citing cases). The Secretary's attempt to avoid fee liability in this case would amount to an end-run around the fee-shifting statutes. This Court should not allow it.

### A. The Secretary Was Not a "Blameless" Intervenor and He Is Liable for Plaintiffs' Fees

Plaintiffs properly sought fees against the Secretary because—as the Secretary stated in the motion to intervene—the Secretary is the party that "present[ed] the State's interests" in this case. *See* 4:21-cv-186, Doc. 337-1, at 1.

The Secretary's blanket statement (at 16) that this "status as an intervenor . . . prevents Plaintiffs from obtaining fees and costs against him" is unsupported by the law. Further, the Secretary's reliance on *Zipes* is misplaced. *See* Sec'y Br. at 17-18, 21-23. In *Zipes*, the intervenor was a union seeking to protect its' members' rights by intervening in a sex discrimination suit brought by flight attendants against their company airline. 491 U.S. at 757. At the conclusion of the action, the plaintiffs sought fees against the intervenor flight attendants' union. *Id*. at 758. The district court awarded fees against the intervenor and the Seventh Circuit affirmed. *Id*. The Supreme Court reversed, explaining that the purpose of the fee statute is to encourage victims of discrimination to make wrongdoers pay and to ensure that the costs associated with bringing suit did not deter such actions. *See id*. at 761. The Court held that "[a]ssessing fees against blameless intervenors . . . is not essential to [§ 706 (k)'s] purpose." *Id.* The Court emphasized that the intervening union in the case did not "b[ear] any responsibility for the [challenged] practice" and "had not been found to have violated anyone's civil rights." *Id*. at 762. The Court concluded

that Title VII attorney's fees[7] should only be awarded against such blameless intervenors "where the intervenors' action was frivolous, unreasonable, or without foundation." *Id.* at 761.

The Secretary's intervention here is distinguishable from the intervenor in *Zipes*. In *Zipes*, the intervenor was a *private* union that intervened to protect its members' bargained-for rights but did not bear "any responsibility" for the violative practice. *Id.* at 762. By contrast, the Secretary is a *state* official who, after being dismissed as a named defendant in Plaintiffs' challenge to the a state law—the Solicitation Provision—sought to intervene specifically to defend the unconstitutional state statute on behalf of the State. *See* No. 4:21-cv-186, Doc. 337-1.

### B. The Secretary's Defense on Behalf of the State Makes Him Liable for Fees

Courts applying *Zipes* have held that a state actor who intervenes to defend an unconstitutional law is not "blameless" and can be required to pay fees. *See, e.g., Mallory*, 923 F. Supp. at 1552; *Planned Parenthood of Cent. N.J.*, 297 F.3d at 264-65 (holding that the legislature, which intervened to defend an unconstitutional statute, could not be considered a "blameless" intervenor under *Zipes*); *Brat*, 883

[7] The Supreme Court has interpreted Title VII's attorney fee provision, Sec. 204(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(b) and 42 U.S.C. § 1988, alike. *Zipes*, 491 U.S. at 758 n.2.

F.3d at 484 (explaining § 1988 fee liability would be appropriate when "the intervening party was a representative of the State").

Much like the intervenor in *Mallory*, the Secretary actively inserted himself into the shoes of the defendant. *See* 923 F. Supp. at 1553. In *Mallory*, a man challenged a Florida statute that required a certain number of seats on the judicial nominating commission to be reserved for women or minorities. *Id*. at 1550. The lawsuit named the Executive Director of the Florida Bar, and the Florida Bar Board of Governors as defendants, but the named defendants declined to defend the statute. *Id*. The Attorney General of Florida and the National Bar Association intervened to defend the statute. *Id.* After the statute was held to violate the Fourteenth Amendment, the plaintiff moved for costs and fees under § 1988. *Id.* at 1551. The Attorney General argued that it should not be liable for fees and relied on *Zipes* to support his position. *Id.* at 1552. The *Mallory* court rejected the Attorney General's "over broad" reading of *Zipes*, noting that the Attorney General, unlike the intervenor in *Zipes*, intervened early in the case, "vigorously defended the constitutionality of the statute throughout the entire proceeding" and "took all steps ordinarily taken by a defendant and, in fact, acted as the defendant in th[e] case." *Id.* at 1553. The *Mallory* court held that the Attorney General played a "pivotal role in the litigation" and his defense of the unconstitutional statue was an "attempt[] to aid

in the offending statute's enforcement." *Id*. This Court summarily affirmed. 109 F.3d at 771.

The same is true of the Secretary's intervention to defend the Solicitation Provision. Early in the case, the Secretary succeeded in getting dismissed as a defendant as to this Provision, and then immediately reversed course by moving to intervene to defend it.[8] *See* No. 4:21-cv-186, Doc. 337-1. And the Secretary vigorously defended the unconstitutional statute at every stage of the litigation including, for example, by filing multiple motions to dismiss and serving hundreds of interrogatories and requests for production. *See supra* pp.7-10. The Secretary's attorney was lead counsel at both trial and on appeal. In contrast, the Supervisors—the only non-intervenor Defendants with respect to the Solicitation Definition—were much less active in the case, and none who was subject to an injunction against the Solicitation Provision on vagueness or overbreadth grounds appealed the district court's order on those grounds; only the Secretary did.

[8] The Secretary argues (at 18) that fees cannot be assessed against him because the district court dismissed him as a Defendant for lack of standing. His argument confuses standing and fee liability analyses. They are distinct. The relevant analysis to determine if he is liable for fees under § 1988 is whether he can be said to be the type of "blameless" intervenor the *Zipes* Court shielded from fee liability. Under that analysis, the Secretary is liable for fees. *See Mallory*, 923 F. Supp. at 1553.

In sum, just like the Florida Attorney General in *Mallory*, the Secretary intervened to "defend[] the unconstitutional statute voluntarily and in doing so attempted to aid in the offending statute's enforcement." 923 F. Supp. at 1553. The Secretary was not a blameless intervenor here, to the contrary, he "acted as the defendant in this case." *Id*. Attorneys' fees are properly assessed against him.

Although *Mallory* is not binding precedent, its reasoning is sound and in line with the analyses of other Circuits that have applied *Zipes* to state actor intervenors. *See Planned Parenthood of Cent. N.J.*, 297 F.3d at 264-65 (holding the legislature liable for fees because it intervened to defend an unconstitutional statute and thus could not be considered a "blameless" intervenor under *Zipes*); *Brat*, 883 F.3d at 484 (explaining that § 1988 fee liability would be appropriate when "the intervening party was a representative of the State"); *Freed*, 137 F.4th at 559 ("[I]n § 1983 suits, losing state intervenors . . . can be made liable for fees even if the state's litigation position was not frivolous, unreasonable, or without foundation."); *Jenkins by Agyei v. Missouri*, 967 F.2d 1248, 1251 (8th Cir. 1992) ("[T]he [s]tate, unlike the intervenor in *Zipes*, is a constitutional violator," and is "not entitled to the solicitude *Zipes* showed the 'blameless' intervenor." (quoting *Zipes*, 491 U.S. at 761)). Therefore, *Mallory* "is persuasive" and its summary affirmance by this Circuit makes it "the best indication of what the law is in this Circuit." No. 4:21-cv-187, Doc. 410 at 4.

A holding that the Secretary is responsible for fees here, under these circumstances, is entirely consistent with *Jacobson v. Florida Secretary of State,* 974 at 1236, upon which the Secretary relies to argue he cannot be responsible for fees. *See* Sec'y Br. at 20-21. *Jacobson* holds that the Secretary is not a proper defendant under Article III for challenges to Florida's election laws unless the Secretary has control over the implementation of those laws. *See* 974 F.3d at 1253-54. That holding does not conflict with a finding here that § 1988 makes state officials liable when they choose to defend unconstitutional statutes. Indeed, nothing in *Jacobson* required the Secretary to do what he did here: voluntarily insert himself to defend the law on the State's behalf. The Secretary's fee liability flows entirely from that choice, and is therefore entirely consistent with *Jacobson*.

Nor is it true, as the Secretary contends, that the district court itself "recognized" that *Jacobson* conflicted with its decision imposing fees. *See* Sec'y Br. at 20. The district court merely recognized that, in light of this Court's holding in *Jacobson*, allowing the Secretary to avoid fees in cases such as this one would grant the Secretary the ability to avoid Article III standing in constitutional challenges to Florida's election laws while simultaneously granting him the power to insert himself when the Supervisors will not defend the election laws—all the while allowing the Secretary to dodge the obligation of paying fees if the laws are found to be unconstitutional. No. 4:21-cv-186, Doc. 784 at 7-12 & n.5; No. 4:21-

cv-187, Doc. 410 at 3-8 & n.3; No. 4:21-cv-201, Doc. 371 at 7-12 & n.6. This would put plaintiffs in an untenable position wherein a plaintiff seeking fees would have to seek them from Supervisors who had not vigorously defended the law in question, or perhaps not defended it at all, as was true for nearly all of the Supervisors in this case. This, in turn, would inevitably deter attempts by plaintiffs to seek fees and, in doing so, directly undermine the fundamental policy and purpose of § 1988, as the district court recognized. *See, e.g.,* No. 4:21-cv-186, Doc. 784 at 12 n.5 ("Perhaps this framework also permits the Secretary to have his cake and eat it too by hiding behind the Supervisors while still defending laws he claims not to enforce all the while avoiding fee liability under section 1988."); *accord* No. 4:21-cv-187, Doc. 410 at 7 n.3; No. 4:21-cv-201, Doc. 371 at 12 n.6.

### C. *Brat* Supports the Secretary's Liability for Fees

The Secretary's reliance (at 22-23) on *Brat* is also misplaced. In *Brat*, a group of U.S. Congressmen intervened as defendants in a voter lawsuit that successfully challenged redrawn congressional district lines as unconstitutional racial gerrymandering. 883 F.3d at 477. The Fourth Circuit determined that the intervening Congressmen could not be held liable for the plaintiffs' attorneys' fees because, as federal representatives, they were "legally unaffiliated with the government of the Commonwealth" and "not charged with any responsibility in the enactment of the state law." *Id*. at 481.

The Fourth Circuit acknowledged that *Mallory* and *Planned Parenthood of Central New Jersey*, were "materially distinguishable" because the intervening defendants in those cases "were, as state actors, defending the challenged statute on behalf of the State." *Brat*, 883 F.3d at 483. The court also opined that those cases stood "for the common-sense principle that, where an unconstitutional statute is involved, the 'blameworthy' party under *Zipes* is the state that enacted the statute." *Id*. at 484 (citation omitted). The Secretary's attempt to brush away this distinction is belied by its prior justifications for intervening in the first place: that he "represents the State's interests" in defending the challenged Solicitation Provision and "stands in for the State—even when the challenged election law is administered by county supervisors." State Appellants' Reply Br. at 7-8, *League II*, 66 F.4th at 905 (No. 22-1143), 2022 WL 4078872, at *7-8.

### D. Allowing the Secretary to Avoid Paying Fees Would Undermine the Policy Behind the Fee-Shifting Statute

In enacting § 1988, Congress considered fee awards to be "an integral part" of protecting civil rights by encouraging "the private enforcement of civil rights laws in order to fully vindicate the federal rights involved." *Sargeant v. Sharp*, 579 F.2d 645, 648 (1st Cir. 1978) (citing H.R. Rep. No. 94-1558, at 2 (1976) and S. Rep. No. 94-1011, at 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5912).

For that reason, courts have routinely imposed liability for similarly situated intervenors. *See, e.g., Mallory*, 923 F. Supp. at 1553 (imposing fees on state

intervenor under § 1988 given state's role in enacting, enforcing, and defending the challenged law); *accord Planned Parenthood of Cent. N.J.*, 297 F.3d at 264-65; *see also Freed*, 137 F.4th at 560. It would be patently unfair to allow the state to "require [local officials] to enforce an unconstitutional statute, defend that statute on the merits as an intervenor in federal court, and then attempt to use its intervenor status to escape liability for attorney's fees. Allowing such a loophole violates the policy behind 42 U.S.C. § 1988." *Mallory*, 923 F. Supp. at 1553. This Court should reach the same result here for the same reasons.

**CONCLUSION**

For the foregoing reasons, this Court should affirm.

Dated: February 9, 2026

Respectfully submitted,

*/s/ John A. Freedman*
John A. Freedman
*Counsel for Florida Rising Together Appellees*

*/s/ Amia Trigg*
Amia Trigg
*Counsel for Disability Rights Florida Appellees*

*/s/ Christina Ford*
Christina Ford
*Counsel for Appellees League of Women Voters of Florida, Inc., et al.*

Amia Trigg
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
Tel: 202-682-1300
atrigg@naacpldf.org

Morenike Fajana
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: 212-965-2200
mfajana@naacpldf.org

Ellen Y. Choi
COVINGTON & BURLING
LLP
415 Mission Street
San Francisco, CA 94105
Tel: 415-591-6000
echoi@cov.com

*Counsel for Disability Rights Florida Appellees*

John A. Freedman
Elisabeth S. Theodore
Jeremy C. Karpatkin
Jillian M. Williams
ARNOLD PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Tel: 202-942-5000
John.freedman@arnoldporter.com
Elisabeth.theodore@arnoldporter.com
Jeremy.karpatkin@arnoldporter.com
Jillian.williams@arnoldporter.com

John Powers
Advancement Project
1220 L Street, NW, Ste. 850
Washington, DC 20005
Tel: 202-728-9557
jpowers@advancementproject.org

Jeffrey A. Miller
ARNOLD & PORTER KAYE

Miranda Galino
LatinoJustice, PRLDEF

SCHOLER LLP
3000 El Camino Road
Five Paolo Alto Sq., Ste. 500
Palo Alto, CA 94306
Tel: 650-319-4500
Jeffrey.miller@arnoldporter.com

523 W. Colonial Dr.
Orlando, FL 32804
Tel: 321-418-6354
mgalindo@latinojustice.org

Neda Khoshkhoo
Dēmos
368 9th Ave., 6th Floor, Ste. 11-105
New York, NY 10001
Tel: 202-864-2739
nkhoshkhoo@demos.org

*Counsel for Florida Rising Together Appellees*

Frederick S. Wermuth
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802
Tel: 407-422-2472
fwermuth@kbzwlaw.com

David R. Fox
Christina Ford
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NE, Ste. 400
Washington, DC 20001
Tel: 202-968-4490
dfox@elias.law
cford@elias.law

*Counsel for Appellees League of Women Voters of Florida, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on February 9, 2026 and will therefore be served electronically upon all counsel.

*/s/ John A. Freedman*
John A. Freedman
*Counsel for Florida Rising Together Appellees*

*/s/ Amia Trigg*
Amia Trigg
*Counsel for Disability Rights Florida Appellees*

*/s/ Christina Ford*
Christina Ford
*Counsel for Appellees League of Women Voters of Florida, Inc., et al.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Appellant hereby certifies:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because the brief contains **7,258** words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because the brief has been prepared using Microsoft Office Word and is set in Times New Roman font in a size equivalent to 14 points or larger.

*/s/ John A. Freedman*
John A. Freedman
*Counsel for Florida Rising Together Appellees*

*/s/ Amia Trigg*
Amia Trigg
*Counsel for Disability Rights Florida Appellees*

*/s/ Christina Ford*
Christina Ford
*Counsel for Appellees League of Women Voters of Florida, Inc., et al.*